UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Edward Franklin, #142180 <br> *a/k/a Willie E. Franklin,* <br><br> Petitioner, <br><br> vs. <br><br> Michael McCall, Warden, <br><br> Respondents. | ) C/A No.: 9:13-770-CMC-BM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) |

Petitioner, a state prisoner proceeding *pro se*, files this matter pursuant to 28 U.S.C. § 2254. Petitioner is confined at the Lee Correctional Institution, a facility run by the South Carolina Department of Corrections, where he is serving a life sentence for 1987 Aiken County convictions. Petitioner claims he was denied his right to due process because he was given transcripts that were not true copies of his trial. He states the transcripts he received were illegible and incomplete, and prevented him from being able to fully present and support his claims. He also alleges the holding in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), should be applied to his case, which he maintains is timely filed because he submitted this petition for writ of habeas corpus to this Court within one year from the date the Unites States Supreme Court issued the *Martinez* opinion. Petitioner asks that his sentence be vacated.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S.



1

319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Additionally, this court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. However, even when considered under this less stringent standard, the undersigned finds that the *pro se* petition filed in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Petitioner has previously filed a petition for writ of habeas corpus in this Court challenging the same convictions and sentences he is challenging in the above-captioned matter. Petitioner's habeas petition filed in *Franklin v. Lindler, et al,* Civil Action No.: 3:93-1606-CMC-BM, was dismissed by order of the Honorable Cameron McGowan Currie, United States District Judge. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). The Petitioner did not appeal from that order. Instead, Petitioner filed another petition for writ of habeas corpus in this Court. *See Franklin v. Rushton*, Civil Action No.: 0:00-2231-MBS-BM. In that matter, the court determined that the petition was subject to dismissal under Rule 9(b) of the Section 2254 Rules, and Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S. Stat. 1214. *See Miller v. Bordenkircher*, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985); *McClesky v. Zant*, 499 U.S. 467, 113 L.Ed.2d 517, 111 S.Ct. 1454, 1467-1472 (1991); *Bennett v.*



*Angelone*, 92 F.3d 1336, 1343, 1996 WL 469705 (4th Cir. 1996); and *Armstead v. Parke*, 930 F. Supp. 1285 (N.D.Ind. 1996). Specifically, there was no indication in that Petition that the Petitioner had obtained leave from the United States Court of Appeals for the Fourth Circuit to file the matter again, and leave from the United States Court of Appeals for the Fourth Circuit is required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions.

When a petitioner has previously litigated a § 2554 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, even if a petitioner's grounds for relief satisfy the strict requirements for instances when a successive petition is appropriate, the appellate court is the proper tribunal to make the decision, when authorization is requested, not the district court. As the Fourth Circuit explained in *In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004), the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals." *See also In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [(the Fourth Circuit Court of Appeals)] under the standard established in section 2244(b)(3)(C)."); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization [from the court of appeals], the district court *lacks jurisdiction* to consider an application containing abusive or repetitive claims.")(emphasis added). Furthermore, "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

3



The issue of successiveness of a habeas petition may be raised by the Court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010). Because Petitioner has had a previously litigated § 2254 petition concerning his convictions and sentences, and there is no indication that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the § 2254 petition in the above-captioned case, this case is subject to summary dismissal.

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice*, *without requiring the respondents to file a return*.

Bristow Marchant
United States Magistrate Judge

May 20, 2013
Charleston, South Carolina

***The petitioner's attention is directed to the important NOTICE on the next page.***



4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

